THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 10-21933 |
| | ) | |
| Charles Gregory, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor | ) | JUDGE RANDOLPH BAXTER |

**Motion of the United States Trustee to Dismiss for Abuse Pursuant to
11 U.S.C. §§ 707(b)(1), (b)(2) & (b)(3)**

The United States trustee for Region 9, Daniel M. McDermott, moves this Court for an order dismissing this case pursuant to 11 U.S.C. §§ 707(b)(1), (b)(2) and (b)(3). The presumption of abuse arises in Debtor's case. Debtor also has the ability to pay a meaningful return to unsecured creditors. In support, the United States trustee states:

*Standing*

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b)(1); and 28 U.S.C. § 151. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B). The United States trustee has standing to file this motion pursuant to 11 U.S.C. § 307, 11 U. S. C. § 707(b) and 28 U.S.C. § 586(a)(5).

*Procedural Background*

1. On December 8, 2010, Charles Gregory, Jr. (the "Debtor") filed a voluntary petition for relief under chapter 7. The cover sheet of Debtor's petition identifies the nature of the debts as "Consumer/Non-Business."

*Factual Background*

2. Debtor works as a millwright for Alcoa where he has been employed for five years and, based upon the pay advices filed in the case, earns approximately $88,000 a year. Debtor's non-debtor wife is retired from Cuyahoga County and receives a monthly pension of $1,300. Debtor is 53 years old and does not have any dependent children.

**The Means Test**

3. Debtor did not file a Form B22A ("means test") with his bankruptcy petition. The United States trustee prepared a means test from the financial information contained in Debtor's bankruptcy petition and pay advices. Debtor's financial information shows that, during the six month prepetition period, his gross earnings were approximately $7,321 a month. Debtor testified at his 341 meeting of creditors that his non-debtor wife receives a monthly pension of $1,300. The United States trustee's prepared means test shows current monthly income of $8,621, and annualized gross income of $103,452. In Ohio, the median income for a family of two is $50,491. Because the United States trustee's computation of annualized income is more than the Ohio median family income figure for Debtor's household size, the remainder of the means test was completed and shows $1,999.36 of monthly disposable income on line 50, causing the presumption of abuse to arise in Debtor's bankruptcy case. *See Exhibit #1-UST's Prepared Means Test*.

**Debtor's Schedules**

4. Debtor's *Schedule I-Current Income of Individual Debtor(s)* lists gross monthly income of $7,695 and net monthly income of $5,270. Debtor's *Schedule I* does not lists his wife's monthly pension of $1,300.

5. Debtor's *Schedule J-Current Expenditures of Individual Debtor*(s) lists monthly expenses of $5,648, which leaves him with negative monthly net income of $378 before factoring in his wife's $1,300 a month pension.

6. Debtor's *Schedule F - Creditors Holding Unsecured Nonpriority Claims* lists $20,094 of debt; *Schedule D - Creditors Holding Secured Claims* lists $348,427 of debt; and *Schedule E - Creditors Holding Unsecured Priority Claims* lists zero debt.

7. Debtor's *Statement of Intention* indicates that he is reaffirming the debts secured by his personal residence and a Honda Motorcycle.

8. Debtor testified at his 341 meeting creditors that his not making the $300 monthly charitable contributions listed on *Schedule J*. Debtor testified the $300 contribution was a one-time payment made by his wife for her granddaughter's child care. Debtor further testified that he received a $7,000 federal income tax refund for 2009.

### *Legal Authority*

**Dismissal under 11 U.S.C. § 707(b)(2)**

9. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides for the dismissal of a chapter 7 proceeding where there is a presumption of abuse. Specifically 11 U. S. C. § 707(b) provides:

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee..., may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter...
>
> (2)(A)(I) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of
>
> > (I)   25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or
> >
> > (II)  $11,725.

If the presumption of abuse arises, it can only be rebutted by special circumstances, such as a serious medical condition or a call or order to active duty in the armed forces. 11 U.S.C. § 707(b)(2)(B)(I). *Eisen v. Thompson*, 370 B.R. 362 (N.D. Ohio 2007).

3

**Dismissal under 11 U.S.C. § 707(b)(3)**

10. If the Court determines the presumption of abuse does not arise or is rebutted, the United States trustee asserts that this case is an abuse under the totality of the circumstances and it should be dismissed under 11 U.S.C. § 707(b)(3). Specifically, 707(b)(3) provides in pertinent part:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> > (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

11. BAPCPA changed the standard for determining if a case should be dismissed from substantial abuse to mere abuse. Prior to BAPCPA, courts looked to totality of the circumstances to determine whether to dismiss a case for substantial abuse under § 707(b). In interpreting BAPCPA, case law prior to the enactment of BAPCPA is helpful in determining abuse under § 707(b). *In re Mestemaker*, 359 B.R. 849 (Bankr. N.D. Ohio 2007).

12. Prior to the enactment of BAPCPA, the Sixth Circuit held that "[s]ubstantial abuse can be predicated upon either lack of honesty or want of need." *Behlke v. Eisen (In re Behlke)*, 358 F. 3d 429 (6th Cir. 2004); *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989). Factors relevant in determining want of need include, but are not limited to, the ability to repay creditors out of future earnings, whether the debtor enjoys a stable source of income and whether the debtor is eligible for chapter 13 relief. *In re Behlke*, supra; *In re Krohn,* supra.

***Application of § 707(b) to Debtor's Case***

**Means Test Review 707(b)(2)**

13. Dismissal of Debtor's case is warranted under section 707(b)(2) of the Bankruptcy Code. The United States trustee's prepared means test lists $1,999.36 of monthly disposable income showing that the presumption of abuse arises in his case. The presumption of abuse arises in

Debtor's case even without including the non-debtor wife's income, so the fact that the United States trustee's prepared means test did not consider any marital adjustments is of no consequence. Debtor has not demonstrated special circumstances such as a serious medical condition or call to active duty to rebut the presumption of abuse, and his case should be dismissed pursuant to section 707(b)(2).

**Totality of Circumstances Review 707(b)(3)**

### Non-Debtor Wife's Income

14. Debtor's non-debtor wife's income is relevant to the determination of his ability to repay creditors. *In re Coup*, 2008 WL 2388114 at *4 (Bankr. N.D. Ohio 2008); *In re Wilkinson*, 168 B.R. 626, 628-29 (Bankr. N.D. Ohio 1994). Debtor's wife is not liable for his debts but her income should be considered because they reside in one household with combined income and expenses. *In re Coup* at *4.

15. Debtor's *Schedule J* lists negative monthly disposable income of $378. Although not listed as income on *Schedule I*, Debtor's wife receives a monthly pension of $1,300. Once the pension is considered, Debtor's *Schedule J* shows $922 of monthly disposable income. The ability to repay creditors from disposable income is the primary factor to be considered in any determination of abuse. *See, e.g. In re Jordan*, 2010 WL 1837735 (Bankr. N.D.Ohio); *In re Brenneman,* 397 B.R. 866, 870-71 (N.D. Ohio 2008); *In re Matias,* 203 B.R. 490, 492 (Bankr. S.D. Fla. 1996).

### Debtor's Income Tax Refund

16. Debtor testified at his 341 meeting of creditors that he received a $7,000 federal income tax refund for 2009. The refund more than likely resulted from mortgage interest paid on the personal residence, which will be available in future years since his is reaffirming the mortgage debt. These are additional funds that can be used to pay creditors. Bankruptcy courts in the Northern District of Ohio have consistently held that monthly disposable income should be increased by tax

5

refunds. *In re Jordan,* 428 B.R. 430, 436-37 (Bankr. N.D. Ohio 2010); *In re Durczynski,* 405 B.R. 880, 885 (Bankr. N.D. Ohio 2009); In re Edighoffer, 375 B.R. 789, 797-98 (Bankr. N.D. Ohio 2007).

**Charitable Contributions**

17. Debtor's *Schedule J* lists a $300 monthly charitable contribution expense, which he testified at his 341 meeting of creditors that he is not making. Debtor testified the $300 contribution was a one-time payment made by his wife for her granddaughter's child care. Debtor cannot increase his charitable contributions for the purpose of reducing his monthly disposable income, and should substantiate that such contributions were actually being made prior to filing bankruptcy. *In re Dile*, Case No. 05-30708, (Bankr. N.D. Ohio August 5, 2005) (court reduced charitable contribution allowance to amount shown on tax return); *In re Smith* 269 B.R. 686, 691 (Bankr. W.D. Mo. 2001) (court reduced charitable contribution to amount supported by the evidence).

**Debtor's Motorcycle Payment**

18. Debtor's monthly expenses include a $100 payment for a motorcycle. The court is not bound by a debtor's listed amounts for expenses and should scrutinize each expense, making a downward adjustment where necessary. *In re Harter*, 397 B.R. 860, 864 (Bankr. N.D. Ohio 2008); *In re Gonzalez*, 378 B.R. at 173. Although the payment amount is not that significant, Debtor should not be permitted to retain a motorcycle, which is recreational, while seeking to obtain a chapter 7 discharge. *In re Oot*, 368 B.R. 662, 667 (Bankr. N.D. Ohio 2007).

6

10-21933-rb    Doc 26    FILED 01/25/11    ENTERED 01/25/11 11:40:32    Page 6 of 8

## Debtor's Case Should Be Dismissed

19. Debtor's case should dismissed pursuant to section 707(b)(3) of the Bankruptcy Code. Debtor and his wife's household income of $103,452 is more than double the $50,491 median family income for a family of two. Debtor's case is one which the BAPCPA amendments were intended to address. Debtor and his wife's earnings are significantly above the median income with respect to his household size and geographical location, and he should be able to make a meaningful repayment to creditors.

20. Debtor is eligible for relief under chapter 13 of the Bankruptcy Code, he and his wife have stable sources of income, repayment can be made to creditors without depriving his household of basic necessities, and there are no known factors that mitigate against dismissal. Between the inclusion of Debtor's wife's pension income, consideration of Debtor's potential income tax refunds, removal of the $300 charitable contribution and $100 motorcycle payment, there should be funds available to repay unsecured creditors. The court does not have to know with a certainty the amount a debtor has available to repay creditors so long as there is a distinct feeling there is some disposable income. *In re Edighoffer*, 375 B.R. 789, 799 (Bankr. N.D. Ohio 2007).

**WHEREFORE,** the United States trustee respectfully requests this Court to enter an order dismissing Debtor's case pursuant to 11 U.S.C. § 707(b)(2) and/or 11U.S.C. § 707(b)(3) and for such further relief as may be appropriate.

                                                  Respectfully Submitted,
                                                  Daniel M. McDermott
                                                  United States Trustee
                                                  Region 9

by:     */s/Derrick V. Rippy*
         Derrick V. Rippy (0044069)
         U.S. Department of Justice
         Office of the U.S. Trustee
         H.M. Metzenbaum U.S. Courthouse
         201 E. Superior Ave., Ste. 441
         Cleveland, Ohio 44114-1240
         (216) 522-7800, ext. 232
         (216) 522-7193 Facsimile
         Derrick.V.Rippy@usdoj.gov

### Certificate of Service

I, Derrick V. Rippy, hereby certify that the foregoing *Motion* was electronically transmitted on January 25, 2011, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

**Wilhelmina Washington**
2000 Lee Rd. Ste 111
Cleveland Heights, OH 44118

I, Derrick V. Rippy, further certify that the foregoing *Motion* was mailed via U.S. Post, First Class, on January 25, 2011, to the following:

**Charles Gregory**
7204 Blackwell Dr.
Oakwood Village, OH 44146

                                                  */s/Derrick V. Rippy*
                                                  Derrick V. Rippy

8

10-21933-rb   Doc 26   FILED 01/25/11   ENTERED 01/25/11 11:40:32   Page 8 of 8